**Opinion issued November 26, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00460-CR

————————————

**T'CHALLA RHASHAED WASHINGTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 411th District Court
Polk County, Texas[1]
Trial Court Case No. 21808

## MEMORANDUM OPINION

---

[1]     Pursuant to its docket equalization authority, the Supreme Court of Texas transferred the appeal to this Court. *See* Misc. Docket No. 12–9107 (Tex. Jun. 18, 2012); *see also* TEX. GOV'T CODE ANN. § .73.001 (West 2005) (authorizing transfer of cases).

Appellant, T'Challa Rhashaed Washington, was tried by a jury and convicted of possession with intent to deliver between one and four grams of cocaine, which is a second-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a),(c) (West 2010). Appellant was sentenced by the jury to 78 years' confinement and a $7,500 fine, which was within the permissible statutory range.[2]

The trial court certified that this is not a plea bargain case and that appellant has the right to appeal. Appellant timely filed a notice of appeal.

Appellant's counsel on appeal has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and therefore the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). We grant counsel's motion to withdraw and affirm the trial court's judgment.

An attorney has an ethical obligation to refuse to prosecute a frivolous appeal. *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008). If an appointed attorney finds a case to be wholly frivolous, his obligation to his client is to seek leave to withdraw. *Id.* Counsel's obligation to the appellate court is to

---

[2]    A second degree felony is punishable by 2–20 years imprisonment, and a fine not to exceed $10,000. *See* TEX. PENAL CODE ANN. § 12.33 (West 2011). If a defendant has a prior felony conviction, however, a second-degree felony is punished as a first-degree felony, *id.* § 12.42(b), with a range of confinement for a term of not more than 99 years or less than 5 years, and a fine not to exceed $10,000. *Id.* § 12.32. Appellant has a prior felony robbery conviction.

assure it, through an *Anders* brief, that, after a complete review of the record, the request to withdraw is well-founded. *Id.*

We may not grant the motion to withdraw until:

(1)    the attorney has sent a copy of his *Anders* brief to his client along with a letter explaining that the defendant has the right to file a pro se brief within 30 days, and he has ensured that his client has, at some point, been informed of his right to file a pro se PDR;

(2)    the attorney has informed us that he has performed the above duties;

(3)    the defendant has had time in which to file a *pro se* response; and

(4)    we have reviewed the record, the *Anders* brief, and any pro se brief.

*See id.* at 408–09. If we agree that the appeal is wholly frivolous, we will grant the attorney's motion to withdraw and affirm the trial court's judgment. *See Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009). If we conclude that arguable grounds for appeal exist, we will grant the motion to withdraw, abate the case, and remand it to the trial court to appoint new counsel to file a brief on the merits. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

Here, counsel's brief reflects that he delivered a copy of the brief to appellant and informed him of his right to examine the appellate record and to file a response. *See Schulman*, 252 S.W.3d at 408. Appellant filed a *pro se* response.

Counsel's brief meets the *Anders* requirements in that it presents a professional evaluation of the record. *See Anders*, 386 U.S. at 744, 87 S. Ct. at

3

1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel supplies us with references to the record and provides us with citation to legal authorities. Counsel indicates that he has thoroughly reviewed the record and that he is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 154 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

We have independently reviewed the entire record, as well as the appellant's *pro se* response, and conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (explaining that frivolity is determined by considering whether there are "arguable grounds" for review); *Bledsoe*, 178 S.W.3d at 826–27 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether the appeal is wholly frivolous); *Mitchell*, 193 S.W.3d at 155. Although we may issue an opinion explaining why the appeal lacks arguable merit, we are not required to do so. *See Garner*, 300 S.W.3d at 767. An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d 827 & n.6.

We grant counsel's motion to withdraw[3] and affirm the trial court's judgment. Tom Brown must immediately send the notice required by Texas Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[3] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 826–27.